

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-3830
> Re:  Transfer of funds in Old Age
>      Assistance Fund.

      We are in receipt of your recent opinion request relative to the transfer of certain funds from the State Old Age Assistance Fund to the Federal Old Age Assistance Fund, which the State Department of Public Welfare has requested you to make.

      There are before us two letters from the Department of Public Welfare, one dated July 26, 1941, the other dated August 15, 1941, from which we understand the facts to be as follows:

      Since July 1, 1936, the Federal and State Governments have been cooperating in making payments for old age assistance on an equal basis, i. e., the Federal Government has matched State payments to pensioners dollar for dollar. The administration of the Federal Social Security Act is vested in the Social Security Board which has made various rules and regulations and is charged with the duty of determining that the Federal monies are expended or distributed in accordance with the Federal Social Security Act. Each quarter the Federal Government has forwarded its pro rata part of the pension money to the State Agency, based upon estimates, and the State agency each month has made the actual disbursements to individuals after determining their eligibility and needs. From time to time the Social Security Board has made audits of the payments to various recipients, and at present audits have been completed covering the periods 1936, 1937, 1938, 1939, and 1940.

At the completion of each audit period the Social Security Board took exceptions to various payments by the State agency and presented certain schedules of "fiscal and eligibility exceptions". After clearance material had been submitted by the State agency in justification of the payments, and appeal perfected to the Social Security Board, said Board finally disallowed and refused to concur in payments made to certain recipients from July 1, 1936, to December 31, 1939, in the total sum of $23,662.87. In the letter of July 26, 1941, mentioned above, it is stated that "the amounts heretofore shown as adjustments have been carefuly checked and this agency is in agreement with the Social Security Board that the Federal Old Age Assistance Fund should be reimbursed due to the adjustments as shown for the various periods in accordance with the audits submitted by the Federal Auditors."

The State Department of Public Welfare has therefore requested you to transfer $23,662.87 from the State Old Age Assistance Fund to the Federal Old Age Assistance Fund in satisfaction of this claim by the Social Security Board. You request our advice as to whether you are authorized to make this transfer.

The Public Welfare Act, enacted by the 46th Legislature created the "State Department of Public Welfare", which among other things was organized to administer assistance to the needy aged. The duties of the Texas Old Age Assistance Commission, together with its funds, were transferred to such newly created Department. This act was amended by the "Public Welfare Act of 1941", 47th Legislature, effective July 2, 1941 and in general continued the same administrative organization as that provided by the Act of 1939.

Under Section 4 of the "Public Welfare Act of 1941", the State Department of Public Welfare is charged with the administration of the welfare activities of the State as provided therein, and it is provided that it shall "administer assistance to the needy aged." Section 6 of said Act designates the State Department as the State agency to cooperate with the Federal Government in the administration of the provisions of the Federal Social Security Act, including the payment of assistan to the needy aged.

Sections 26 and 27 of the Act of 1941 read as
follows:

"Sec. 26. All assistance payments provided for
under the terms of this Act shall be paid by vouchers
or warrants drawn by theState Comptroller on the proper
accounts of a 'State Department of Public Welfare Fund';
for the purpose of permitting the State Comptroller to
properly draw and issue such vouchers or warrants, the
StateDepartment of Public Welfare shall furnish the Comp-
troller with a list of or roll of those entitled to assist-
ance from time to time, together with the amount to which
each recipient is entitled. When such vouchers or warrants
have been drawn they shall be delivered to the Executive
Director of the State Department of Public Welfare, who
in turn shall supervise the delivery of same to the persons
entitled thereto.

"Sec. 27. (1) For the purposes of carrying out the
provisions of this Act, the Old Age Assistance Fund, the
Blind Assistance Fund, and the Children Assistance Fund,
as provided for in House Bill No. 8, Acts of the Forty-
seventh Legislature, Regular Session are hereby made
separate accounts of the 'State Department of Public
Welfare Fund' as created by this act. Provided, that
all moneys in the separate accounts of the State Depart-
mentof Public Welfare Fund shall be expended only for
the purposes of carrying out the provisions of this Act,
and for the purposes for which said separate accounts
were created or appropriated.

"(2) The State Treasurer is hereby designated
as the custodian of any and all money which may be re-
ceived by the State of Texas (which the State Department
of Public Welfare is authorized to administer), from any
appropriations made by the Congress of the United States,
for the purpose of cooperating with the several provisions
of the Federal Social Security Act, and all money received
from any other source; and the State Treasurer is hereby
authorized to receive such money, pay it into the proper
fund or the proper account of the General Fund of the
State Treasury, provide for the proper custody thereof,
and to make disbursements therefrom upon the order of the
State Department and upon warrant of the State Comptroller
of Public Accounts."

The Federal money mentioned in 27(2), quoted above is deposited with the State Treasurer by virtue of an Act of Congress. Sec. 42 U.S.C.A.()0-801, 303. The State monies in the separate accounts designated as the Old Age Assistance Fund of the State Department of Public Welfare Fund are derived from taxes levied and collected by the State of Texas and allocated to this special fund in the State Treasury or by appropriation by the Legislature from another fund in the treasury. For example, see House Bill No.8, Acts 47th Legislature, Regular Session. We assume the "State Old Age Association Fund" and the "Federal Old Age Assistance Fund", which are not mentioned in the legislative act, are separate accounts in the Old Age Assistance Fund proper, which you have set up to facilitate the keeping of adequate records and a proper accounting between the Federal and State Governments in their contributions to such fund.

It is stated in the letter of August 15th, accompanying the request that the quarterly payments made by the Social Security Board are only a tentative basis, are not final payments to the State, and are subject to review by the Federal authorities. For the purpose of this opinion we will assume the correctness of this statement and will assume further that such funds are deposited in trust with the State agency to be distributed as directed by the Social Security Board, that the exceptions of said Board for the periods audited were well taken, and that the Federal Government has a valid claim for reimbursement. We express no opinion with reference to these matters, however.

Article VIII, Section 6, of the Texas Constitution reads in part as follows:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years,... ."

The Board has not requested that you draw a warrant payable to the Federal Government and thus withdraw this money from the treasury in payment of the claim, but instead has requested that the Federal Government's account in the Old Age Assistance Fund be credited with the amount of the claim and charged against the State account in satisfaction of such claim. Any difference between the above two situations would

seem to be one of form and not of substance. The whole basis
and purpose of this proposed transfer of funds is to pay or
discharge the claim made by the Social Security Board against
the State, and although the immediate action may not be one
of withdrawal from the treasury, that is necessarily its
ultimate result and purpose. In our opinion the payment of
this claim and withdrawal of money from the treasury for that
purpose may not be done by indirection in the absence of appro-
priate legislative authorization. McCombs v. Dallas County,
(T.C.A.) 136 S. W. (2d) 975.

It is also a well established principle of law in
this jurisdiction that a Department, such as the State Depart-
ment of Public Welfare, which is a creature of the statute
has only authority as may be delegated to it by the
Legislature, either expressly or by necessary implication.

We find nothing in the Public Welfare Act of 1941
which would authorize this action, but on the contrary it directs
that the State money in the Old Age Assistance Fund be used to
furnish assistance to old persons who satisfy the requirements
provided in said act.

The current appropriation to the State Department
of Public Welfare, (S.B. No. 423, Acts 47th Leg., Regular Session)
Old Age Assistance Division, out of the Old Age Assistance Fund,
after listing various administrative expenses, provides:

"All incomes allocated or transferred to the Old Age
Assistance Fund by H. B. No. 8, Acts of the 47th Legisla-
ture, Regular Session, or other revenue laws, for the pur-
pose of providing and administering old age assistance is
hereby appropriated for each of the fiscal years ending
August 31, 1942, and August 31, 1943, to the State Department
of Public Welfare for old age assistance payments and for
salaries, equipment, supplies, travel maintenance, and con-
tingent expenses necessary in the extension of said old age
assistance. . . ." (Emphasis added)

In our opinion the above appropriation is not sufficient
to authorize the payment of this claim which has accumulated
over a period of years since July 1, 1936. It only contemplates
the current payment of old age assistance to needy recipients
and administrative expenses in connection therewith. This con-
clusion is supported by Article XX, Section 2(4) of H. B. No. 8,
as amended by S. B. No. 490, Acts 47th Leg., Regular Session, which
reads:

"(4)   After the above allocation and payments have been made from such Clearance Fund, there shall be paid therefrom into the Old-Age Assistance Fund on the first of each month, such sum, which, taken with other sums paid into such Old-Age Assistance Fund by virtue of other laws still in force, will equal a total of One Million Seven Hundred Fifty Thousand ($1,750,000.00) Dollars, and such sum is hereby appropriated for the use provided by law for such Old-Age Assistance Fund.  Should such payments into the Old-Age Assistance Fund by virtue of other laws exceed One Million Seven Hundred Fifty Thousand ($1,750,000.00) Dollars, in any one month, then not more than One Million Seven Hundred Fifty Thousand ($1,750,000.00) Dollars of such shall be expended for old-age assistance in such month, and the remainder in excess thereof shall be withheld until the succeeding month or months and be taken into consideration in allocating funds from the Clearance Fund to the Old-Age Assistance Fund, and the amount paid in from the Clearance Fund into the Old-Age Assistance Fund shall be reduced accordingly to the end that a stationary sum of One 'illion Seven Hundred Fifty Thousand ($1,750,000.00) Dollars per month be available from State Funds for old age assistance; provided, however, for the balance of the fiscal year ending August 31, 1941, the payments into the Old-Age Assistance Fund shall be made in the same manner as provided above.  However, in the event the total paid from all sources into the Old-Age Assistance Fund including the amount allocated to the Old-Age Assistance Fund from the Clearance Fund on the first day of each month as provided above, does not amount to One Million Seven Hundred Fifty Thousand ($1,750,000.00) Dollars for each month after the effective date of this Act, then in that event, the first revenue collected and which ordinarily would be paid into the General Revenue Fund of the State of Texas after the first day of each month shall be set aside, allocated, transferred, credited, and appropriated to the Old-Age Assistance Fund to the extent and in such sums as are necessary to provide One Million Seven Hundred Fifty Thousand ($1,750,000.00) Dollars in the Old-Age Assistance Fund for each month with the effective date of this Act, including the month of June, 1941, and through the month of August, 1941.  All laws in conflict with this section are hereby repealed to the extent of such conflict only."

Honorable George H. Sheppard, page 7


       It is our opinion that your Department is not authorized to make the transfer of funds as requested by the State Department of Public Welfare.  We do not express any opinion with reference to the authority of the legislature to make an appropriation or any other question which may arise in connection with this matter, it being unnecessary to do so in answering the question presented.

                      Yours very truly

                ATTORNEY GENERAL OF TEXAS


                By ⌀ Cecil C. Cammack
                        Assistant


CCC;AMM


Ok G.R.L.

      APPROVED Opinion Committee By B.W.B. Chairman